UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

ACCESS FOR THE DISABLED, INC., et al.,

    Plaintiffs,

v.                                         Case No. 8:11-cv-00988-RAL-TGW

HOLMAN SUBZ II, INC.,

    Defendant.
_____/

### FINAL ORDER APPROVING AND ENTERING
### CONSENT DECREE AND DISMISSING CASE

THIS CAUSE came before the Court on the Stipulation For Approval and Entry of a Consent Decree and Dismissal of the Case, and the Court having reviewed the pleadings and papers filed in this cause, and the Stipulation for Approval and Entry of Consent Decree and being otherwise fully advised in the premises, it is hereby

ORDERED AND ADJUDGED that:

1. The Consent Decree, in the form annexed hereto, is APPROVED and ENTERED, with the Court retaining jurisdiction over this matter for the purpose of enforcement of the Consent Decree;

2. The above-styled cause be and the same is hereby DISMISSED with prejudice;

3. To the extent not otherwise disposed of herein, all pending motions are hereby DENIED or moot and the case is closed.

DONE AND ORDERED in Chambers at Hillsborough County, Florida, this 23 day of ~~July~~ August, 2011.

_____
UNITED STATES DISTRICT JUDGE

g:\document\kel\holman subz\settlement docs.docx

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

ACCESS FOR THE DISABLED, INC., et al.,

    Plaintiffs,

v.                                                    Case No. 8:11-cv-00988-RAL-TGW

HOLMAN SUBZ II, INC.,

    Defendant.
_____/

## CONSENT DECREE

      This Consent Decree is entered into by and between ACCESS FOR THE DISABLED, INC., and PAT KENNEDY, hereinafter sometimes referred to as "Plaintiffs," and HOLMAN SUBZ II, INC., hereinafter sometimes referred to as "Defendant," on the date last executed below.

      WHEREAS: The Defendant's property is known as the Subway Sandwich Shop, 1777 N. Tamiami Trail, Sarasota, Florida 34234 (hereinafter the "subject property"). Plaintiffs claim that there are architectural barriers existing at the Defendant's property that constitute violations of the Americans With Disabilities Act that unlawfully limit the Plaintiffs' use of the property. Defendant does not admit the allegations of the Complaint, but recognizes the uncertainty of litigation. After review, the parties have determined that the remedial measures agreed to herein constitute all readily achievable measures to ensure the subject property is in compliance with the Americans With Disabilities Act. In consideration for resolving all matters in dispute, the parties have agreed to the following terms and conditions subject to the Court entry of an Order Approving and Entering the Consent Decree.

      1.    All alterations, modifications, and policies required by this Consent Decree shall be completed prior to the reinspection dates set forth below, unless a different completion date is otherwise stated herein. A final property reinspection conducted by Plaintiffs will take place on or

after July 6, 2014, to ensure that the modifications to the subject property required below for barrier removal have been completed. Plaintiffs' counsel, expert(s) and/or representatives shall be provided access to the building to conduct a reinspection and to verify commencement, progress, and completion of the work required hereby. In any event, Defendant or its counsel, shall notify Plaintiffs' counsel by Certified Return Receipt Mail when all improvements contemplated herein are completed. In the event of non-compliance with the terms and conditions of this agreement, Plaintiffs shall be entitled to injunctive relief.

2. Defendant shall pay Plaintiffs' counsel attorneys' fees, litigation expenses, expert fees, reinspection fees, and costs incurred in this matter in an amount established by counsel for the parties in the Stipulation Agreement For Fees And Costs, which is incorporated as part of this Consent Decree.

3. When all issues are resolved between the parties, the parties hereby agree and will request the Court to approve and enter the Consent Decree, providing for retention of jurisdiction by the Court to enforce, as necessary, the terms of this Decree.

4. In any action to enforce this Consent Decree, the prevailing party shall be entitled to attorneys' fees, costs, and expert fees.

5. This Consent Decree shall be binding upon and inure to the benefit of the parties hereto and their respective successors and/or assigns. The parties shall perform their obligations under this Consent Decree in good faith.

6. The parties agree that any delays in making the modifications to the property as provided for pursuant to this Consent Decree caused by third parties, including but not limited to construction contractors, city building officials, inspectors, or permitting departments, will not be deemed to violate the compliance dates herein as long as the Defendant makes a good faith effort to effect implementation as soon as reasonably possible thereafter.

7. Upon the Court's approval of this Consent Decree and upon the Defendant's full compliance with the terms and conditions of this Consent Decree, Plaintiffs hereby release and discharge Defendant, its officers, employees, agents, successors, and assigns from any and all claims and causes of action arising under the Americans With Disabilities Act. This provision is limited to the subject property.

8. All references to the ADAAG refer to the following: 28 CFR Chapter 1 Part 36, App. A. – ADAAG.

9. The parties acknowledge that the modifications described in this Consent Decree shall be implemented according to the standards set out in the ADAAG. All references to figures in the paragraphs below refer to those that accompany the ADAAG and that more fully describe the considered full compliance with the ADA.

10. This Consent Decree can be executed in any number of counterparts, each of which shall be taken to be one and the same instrument, for the same effect as if all parties hereto had signed the same signature page. A copy or facsimile of any party's signature shall be deemed as legally binding as the original signatures.

11. The Defendant is advised that under certain circumstances a tax credit and/or tax deduction may be available to businesses to help cover the cost of making access improvements. (See Sections 44 and 190 of the Internal Revenue Code.)

12. Defendant shall complete all modifications and submit to Plaintiffs' counsel a report summarizing the actions it has taken pursuant to this Consent Decree by July 6, 2012, for items 13.a.-e., and by July 6, 2014, for items 14.a.-b.

13. The Defendant agrees to implement by no later than July 6, 2012, the following ADA remedial measures identified in the Complaint in Paragraph 10:

    a. Provide required grab bars in all restrooms per Section 4.17.6 and 4.16.4 of the ADAAG.

    b. Adhere to all the required reach limitations per Sections 4.2.5 and 4.2.6 of the ADAAG.

    c. Provide protective features in all the restrooms per Section 4.19.4 of the ADAAG.

    d. Provide access to all essential parts of the restroom per Section 4.16.5 of the ADAAAG.

    e. Provide the required latch side clearance per Section 4.13 of the ADAAG.

14. The Defendant agrees to implement by no later than July 6, 2014, the following ADA remedial measures identified in the Complaint in Paragraph 10:

    a. Provide all accessible parking spaces on a level surface per Section 4.6.3 of the ADAAG.

    b. Provide all ramps with proper slope per Section 4.8.2 of the ADAAG.

SIGNATURES:

Parties:

PLAINTIFFS:

ACCESS FOR THE DISABLED, INC.

By: _[signature]_  
As its: Chairman  
Date: 7-19-11

_[signature]_  
PAT KENNEDY  
Date: 7.19.2011

DEFENDANT:

HOLMAN SUBZ II, INC.

By: _[signature]_  
As its: VP  
Date: 7/25/11